UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION H-13-1237 |
| | § | |
| LITTLE NAPOLI, INC., *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is plaintiff J&J Sports Productions, Inc.'s ("J&J") motion for summary judgment against defendants Little Napoli, Inc. ("Little Napoli") and Mike Azayed ("Azayed") (collectively "the defendants").[1] Dkt. 17. Defendants have not filed a response and, therefore, J&J's motion will be deemed unopposed. *See* S.D. TEX. L.R. 7.4. After considering the motion, record, and applicable law, the court is of the opinion that J&J's motion for summary judgment (Dkt. 17) should be **GRANTED**.

### I. BACKGROUND

On April 22, 2010, J&J bought the sublicensing rights to provide commercial establishments with the closed-circuit telecast of the Floyd "Money" Mayweather, Jr. v. Shane Mosely Championship Fight Program, including undercard and preliminary bouts ("The Event"). Dkt. 17, Ex. A-1 (licensing agreement). On May 1, 2010, Little Napoli exhibited the Event in its commercial establishment without paying J&J the required licensing fee. Dkt. 17, Exs. A-2 (affidavit of Bobby

---

[1] Little Napoli, Inc. was sued individually and d/b/a Little Napoli, Little Napoli, Inc., and Little Napoli Ristorante Italiano & Bar. Dkt. 1 (complaint) at 1. Mike Azayed, also known as Hasan Azayed or Hasan Zayed, was sued individually and d/b/a Little Napoli, Little Napoli, Inc., and Little Napoli Ristorante Italiano & Bar. *Id.*

Jean Solis), D (requests for admissions). Azayed owned and managed Little Napoli on the date it exhibited the Event. Dkt. 17, Ex. E.

J&J filed suit against defendants on April 30, 2013. Dkt. 1. On March 21, 2014, J&J served defendants with requests for admissions, to which defendants did not respond. Dkt. 17, Exs. D, E. J&J now requests that the court grant summary judgment in its favor on its claims under §§ 553 and 605 of the Federal Communications Act ("FCA"). 47 U.S.C. §§ 553, 605. As a result of the alleged violations, J&J seeks statutory damages, additional damages, an injunction, and attorneys' fees pursuant to §§ 553 and 605. *Id.*

## II. LAW & ANALYSIS

### A. Legal Standard

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine dispute of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). A dispute is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

"[I]f the movant bears the burden of proof on an issue . . . he must establish beyond peradventure *all* of the essential elements of the claims or defenses to warrant judgment in his favor." *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir. 1986). The court must review all of the evidence in the record, making no credibility determinations or weigh any evidence, disregarding all evidence favorable to the moving party that the jury is not required to believe, and giving credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). A motion for summary judgment may be based on admissions that are deemed admitted as a matter of law due to the failure of a party to respond or object to the requests. *See Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 549 (5th Cir. 1985).

**B. Liability Under § 605**

Section 605 of the FCA provides that "[n]o person . . . shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication . . . ." 47 U.S.C. § 605(a). J&J may bring a private right of action under § 605 to obtain statutory damages. *See* § 605(d)(6), (e)(3)(C)(ii). To establish liability under § 605, a strict liability statute, J&J need only prove (1) that the Event was exhibited in Little Napoli's restaurant and (2) J&J did not authorize the particular exhibition of the Event. *See Garden City Boxing Club, Inc. v. Vinson*, No. 3.03-CV-0700-BD(P), 2003 WL 22077958, at *3 (N.D. Tex. Sept. 3, 2003); *Joe Hand Promotions, Inc., v. Lee*, No. H-11-2904, 2012 WL 1909348, at *3 (S.D. Tex. May 24, 2012).

Moreover, § 605 applies to unauthorized interceptions of signals through radio or satellite, but not cable communications. *See J&J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C.,* 751 F.3d 346, 351 (5th Cir. 2014).

To date, defendants have not served J&J with any responses to J&J's requests for admissions. Thus, the admissions will be deemed admitted as a matter of law. FED. R. CIV. P. 36(a)(3); *see also Hulsey v. Texas*, 929 F.2d 168, (5th Cir. 2008) ("[A] matter in a request for admissions is admitted unless the party to whom the request is directed answers or objects to the matter within 30 days."). Here, the facts are undisputed that Little Napoli exhibited the Event in its commercial establishment on May 1, 2010. Not only did J&J provide an affidavit of an investigator who viewed the Event in the establishment, Little Napoli has also admitted that it exhibited the Event on May 1, 2010. Dkt. 17, Exs. A-2, D. It is also undisputed that J&J did not authorize Little Napoli to exhibit the Event in its establishment because Little Napoli did not pay the required licensing fee. Dkt. 17, Ex. D. Furthermore, Little Napoli has admitted that it intercepted satellite signals to show the boxing match to its customers. *Id.*

Regarding Azayed's individual liability under § 605, J&J may hold him vicariously liable if it demonstrates that Azayed (1) had a right and ability to supervise the exhibition, and (2) had a direct financial interest in the exploitation. *See J & J Sports Prods., Inc. v. Q Café, Inc.*, No. 3:10-CV-02006-L, 2012 WL 215282 at *4 (N.D. Tex. Jan. 25, 2012). Here, Azayed has admitted that he had a right to supervise the exhibition at Little Napoli that evening. Dkt. 17, Ex. D. Azayed has also admitted to having a financial interest in the exhibition. *Id.* Therefore, because Azayed supervised the exhibition of the Event and had a direct financial interest in its showing, Azayed is individually liable under § 605. In short, because both defendants failed to respond to J&J's motion and no

4

genuine dispute of material fact has been shown, J&J's motion for summary judgment as to its claims under § 605 is **GRANTED**.

**C. Liability under § 553**

J&J also seeks relief under § 553. However, the court need not determine whether § 553 applies here because J&J cannot recover under both statutes. *See Entm't by J & J, Inc. v. Al-Waha Enters, Inc.*, 219 F. Supp. 2d 769, 775 (S.D. Tex. 2002) ("Recovery generally is not available under both provisions."); *Garden City Boxing Club, Inc. v. Vinson*, No. 3-03-CV-0700-BD(P), 2003 WL 22077958 at *3 (N.D. Tex. Sept. 3, 2003). Because J&J prevailed on its § 605 claims, its motion for summary judgment as to its claims under § 553 is **DENIED AS MOOT**.

**D. Damages**

In J&J's motion for summary judgment, J&J asks the court to award $10,000 in statutory damages and $50,000 in enhanced damages for willful conduct. Section 605(e)(3)(c)(i)(II) provides a minimum award of $1,000 and a maximum award of $10,000 for statutory damages. Additionally, § 605(e)(3)(c)(ii) provides that if the court finds that the defendant acted willfully and for the purpose of private financial gain, the court may increase the damages by no more than $100,000. § 605(e)(3)(c)(ii). Because defendants have admitted to acting willfully for the purposes of private financial gain, the court may award enhanced damages in this case. Dkt. 17, Exs. D, E.

To compensate J&J for the violation of § 605, the court finds that the requested statutory maximum of $10,000 is appropriate here. J&J has produced evidence that it would have charged an establishment the size of Little Napoli $6,200 to exhibit the Event. Dkt. 17, Ex. A-2, D. An additional $3,800 is reasonable for statutory damages to deter future violations. Moreover, the enhanced damages for the defendants' willful conduct warrants a finding that J&J's request for

5

$50,000 is a reasonable amount. *See Joe Hand Promotions, Inc. v. Chapa*, No. H-08-422, 2009 WL 2215124 at *3 (S.D. Tex. July 22, 2009) (awarding $50,000 for willful conduct under § 605). Through the affidavit of Thomas P. Riley, J&J has effectively explained the impact that illegal exhibitions have on its business. Dkt. 17, Ex. A. Therefore, as to the defendants' § 605 violations, the court awards $60,000 in total damages, jointly and severally against both defendants.

**E. Attorneys' Fees, Costs, and Permanent Injunction**

Because the court finds defendants liable under § 605, the statute further requires the defendants to compensate J&J for its reasonable attorneys' fees. 47 U.S.C. § 605(e)(3)(B)(iii). J&J argues that an award of $20,000 in attorneys' fees would be reasonable, or in the alternative, J&J seeks $3,750 for fifteen hours of work at $250 per hour. Dkt. 17, Ex. B. Based on the affidavit of David M. Diaz, an hourly rate of $250 is reasonable in this case. *Id.* Therefore, the court awards $3,750 in attorneys' fees and full costs under § 605(e)(3)(B)(iii). J&J further asks this court to award conditional attorneys' fees for the occurrence of specific events.[2] Dkt. 17, Ex. B. The court agrees with J&J that it should receive conditional attorneys' fees. Lastly, § 605(e)(3)(B)(ii) permits the court to grant a permanent injunction to prohibit intercepting unauthorized programs. The court finds that a permanent injunction is appropriate here to enjoin defendants from engaging in future violations.

---

[2] J&J moves for an award of $10,000 in the event that the defendant or defendants file(s) a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in the action; $15,000 in the event that a defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action; $5,000 for making and/or responding to the defendant or defendants' petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the judgment obtained in this action; $10,000 for an appeal to the U.S. Supreme Court in the event the the defendant or defendants' petition for certiorari is granted and does not result in a reversal of the judgment obtained in this action; $2,500 for collection of the judgment rendered in this case, should plaintiff obtain a writ of execution, writ of garnishment, writ of attachment, or other process.

### III. Conclusion

In conclusion, the court finds that J&J has provided sufficient summary judgment evidence to conclusively prove liability under § 605 of the FCA, and that defendants have failed to create a genuine dispute of material fact to preclude summary judgment. Further, because the court finds liability under § 605, J&J cannot recover under § 553. Accordingly, J&J's motion for summary judgment (Dkt. 17) is **GRANTED IN PART & DENIED AS MOOT IN PART**. The court will issue a separate final judgment consistent with this order.

It is so **ORDERED**.

Signed at Houston, Texas on July 22, 2014.

_____
Gray H. Miller
United States District Judge